UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, ) | |
|     *Plaintiff*, ) | |
| ) | |
|     *vs.* ) | 2:13-cv-00405-JMS-MJD |
| ) | |
| ELEANOR SHAFER AND RHONDA L. KNIGHT, ) | |
|     *Defendants.* ) | |

**ORDER**[1]

On November 21, 2013, Plaintiff Metropolitan Life Insurance Company ("MetLife") filed a Complaint In Interpleader against Defendants Eleanor Shafer and Rhonda Knight. [Filing No. 1.] On December 17, 2013, Ms. Knight filed an Answer to the Complaint, [Filing No. 8], and on January 23, 2014, Ms. Knight filed a Motion for Default Judgment against Ms. Shafer based on Ms. Shafer's failure to file an Answer or Appearance in this matter, [Filing No. 10]. Ms. Shafer filed a response to the Motion for Default Judgment on January 28, 2014, stating that she did not "fully understand that the court needed to be contacted along with Rhonda Knight and [counsel for MetLife] on Rule #12," and that she "lacks any knowledge or information in paragraphs 1, 4, 5, 7, 25 #s 1-6." [Filing No. 11.]

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, while Ms. Shafer has not timely answered the Complaint, she has "defended" this action through her response to Ms. Knight's Motion for Default Judgment. The Court finds that this response – which specifically refers to the allegations in the Complaint and states "I…do not want a Default Judgment against myself"

---

[1] As part of the Court's pilot program regarding hyperlinking in Court filings, this Order contains hyperlinks to documents previously filed in this case, and to legal authority.

- 1 -

– demonstrates Ms. Shafer's intention to "defend" this matter.  Additionally, the Court prefers to resolve cases on the merits, rather than by default.  *See, e.g.,* Coleman v. Milwaukee Bd. of Sch. Dirs., 290 F.3d 932, 935 (7th Cir. 2002) ("the law prefers that cases be resolved on their merits, not technicalities").  Accordingly, the Court **DENIES** Ms. Knight's Motion for Default Judgment, [Filing No. 10].  For clarity of the record, however, the Court **ORDERS** Ms. Shafer to file an Answer to the Complaint by **March 11, 2014** so that the parties' positions are clearly set forth going forward.

The Court also notes, however, that while it has some discretion when dealing with *pro se* litigants, *see, e.g.,* United States v. Best, 214 F.Supp.2d 897, 899 (N.D. Ind. 2002) ("In recognition of the leeway Defendant was entitled to as a pro se litigant the Court offered Defendant the opportunity to present evidence and law in support of his objection at a later time"), further failures by Ms. Shafer to comply with procedural rules will not be excused.  To that end, the Court reminds both Ms. Shafer and Ms. Knight that, should they continue to represent themselves in this litigation, they will be held to the same standards as counsel.  *See, e.g.,* Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) ("it is…well established that pro se litigants are not excused from compliance with procedural rules").

**Distribution via ECF only to all counsel of record**

**Distribution via U.S. Mail:**

Eleanor Shafer
5235 E. Greenbriar Dr. #19
Terre Haute, IN 47802

Rhonda L. Knight
1126 S. 9th St.
Terre Haute, IN 47802